Citation Nr: 1518736 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 10-44 840 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Whether new and material evidence has been submitted to reopen a claim for service connection for a left leg disorder.

3. Whether new and material evidence has been submitted to reopen a claim for service connection for an acquired psychiatric disorder, to include anxiety disorder and depressive disorder.


REPRESENTATION

Appellant represented by: Public Advocate for Veterans Affairs



ATTORNEY FOR THE BOARD

B. Rideout, Associate Counsel


INTRODUCTION

The Veteran had active duty service from November 1940 to November 1945.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico. The Board remanded the claims for further development in an October 2014 remand.

This appeal was processed using the Veterans Benefits Management System paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record (electronic claims file). The corresponding Virtual VA file also contains a Social Security Administration (SSA) share screen snapshot as well as an October 2009 VA examination for a claim not currently before the Board, but which mentioned a disorder of the Veteran's left leg. These records were considered in the February 2015 supplemental statement of the case (SSOC). The Virtual VA file does not contain any additional documents pertinent to the present appeal. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

The Board finds that a remand is necessary for further development, in order to fully comply with the Board's October 2014 remand directives. Stegall v. West, 11 Vet. App. 268 (1998). In particular, the Board notes that the AOJ only requested medical records from the Social Security Administration (SSA), which were unavailable, and did not request the actual decision(s) to grant SSA benefits as directed in the prior remand. Therefore, the Board finds that any decision to grant SSA benefits should be requested. 

With regard to the claim for bilateral hearing loss, the AOJ noted in the February 2015 SSOC, that the Veteran failed to report for his VA audiological examination scheduled in December 2014. However, review of the claims file does not show whether the Veteran received notice of this examination or what attempts were made to provide the Veteran with such notice. Therefore, the AOJ should reschedule the Veteran for a VA audiological examination, after it has provided notice regarding the examination to the Veteran's last known address. A copy of such notice should be associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request a copy of any decision(s) to grant SSA benefits to the Veteran and associate them with the claims file. If the search for such records has negative results, the claims file must be properly documented as to the unavailability of those records. 

2. The AOJ should notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). 

In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

3. After the above development has been completed, the Veteran should be afforded a VA examination to determine the nature and etiology of any bilateral hearing loss that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

It should be noted that the absence of in-service evidence of a hearing disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service.

It should be noted that the Veteran is competent to attest to observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran the examiner should provide a fully reasoned explanation.

The examiner should then opine as to whether it is at least as likely as not that the Veteran has bilateral hearing loss that is causally or etiologically related to his military service, to include noise exposure therein. 

 (The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.) 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

3. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case, and an appropriate period of time should be allowed for response.
 
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).